UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALKA FARKAS | ) |
| Plaintiff | ) Case Number: |
| vs. | ) |
| SRA ASSOCIATES, INC | ) CIVIL COMPLAINT |
| SENTRY CREDIT, INC | ) JURY TRIAL DEMANDED |
| MRS BPO, LLC d/b/a MRS ASSOCIATES, INC | ) |
| CENTRAL CREDIT SERVICES, INC. | ) |
| TATE & KIRLIN ASSOCIATES, LLC | ) |
| TOYOTA FINANCIAL SERVICES, INC | ) |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Malka Farkas, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Malka Farkas, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the New York General Business Law §349, and Invasion of Privacy.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this district.

## III.  PARTIES

4. Plaintiff, Malka Farkas, (hereafter, Plaintiff) is an adult natural person residing in Monroe, New York.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, SRA Associates, Inc. (hereafter, SRA), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a primary location at 401 Minnetonka Road, Hi Nella, NJ  08083.

6. Defendant, Sentry Credit, Inc. (hereafter, SCI), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York  and the State of Washington with a primary location at 2809 Grand Avenue, Everett, WA  98201.

7. Defendant, MRS BPO, LLC d/b/a MRS Associates, Inc. (hereafter, MRS), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of New Jersey with a primary location at 1930 Olney Avenue, Cherry Hill, NJ  08003.

8. Defendant, Central Credit Services, Inc. (hereafter, CCS), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a primary location at 80 State Street, Albany, NY  12207-2543.

9. Defendant, Tate & Kirlin Associates, LLC. (hereafter, Tate), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a primary location at 2810 Southampton Road, Philadelphia, PA. 19154.

10. Defendant, Toyota Financial Services (hereafter, Toyota), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a primary location at 19001 S. Western Avenue, Torrance, CA 90501.

11. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants, are a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

12. On or about August 15, 2012, Plaintiff received an initial notice from Defendant SRA regarding a consumer debt allegedly owed on a delinquent Toyota Motor Credit account. **See "EXHIBIT A" (notice) attached hereto.**

13. Plaintiff was said to owe a consumer debt of approximately $15,119.27.

14. In this same notice Defendant SRA does not notify the Plaintiff that she has 30 days to dispute this said consumer debt.

15. On or about August 28, 2012, Plaintiff received a letter from Defendant SCI stating they have been assigned by the original creditor, Toyota Financial Services to collect on a alleged consumer debt. **See "EXHIBIT B" (notice) attached hereto.**

16. On or about September 10, 2012, Plaintiff received a letter from Defendant MRS stating they are collecting on behalf of Toyota Motor. **See "EXHIBIT C" (notice) attached hereto.**

17.     Plaintiff received three different collection notices from three different collection agencies in a little over a month.

18.     On or about September 20, 2012, Plaintiff sent a letter to Defendant MRS asking for validation of the alleged consumer debt. **See "EXHIBIT D" (notice) attached hereto.**

19.     Defendant never sent validation of the alleged consumer debt to Plaintiff.

20.     On or about October 25, 2012, Plaintiff received a letter from another Defendant, CCS, stating they are now the collection agency collecting on this alleged consumer debt. **See "EXHIBIT E" (notice) attached hereto.**

21.     On or about November 8, 2012 Plaintiff sent a letter to Defendant, CCS asking for validation of the alleged consumer debt. **"EXHIBIT F" (notice) attached hereto.**

22.     At this point Plaintiff had received four separate letters from different companies claiming they were all collecting on the same alleged consumer debt.

23.     However, on or about November 13, 2012, Plaintiff received another letter from Defendant, CCS acknowledging an "inquiry" of the alleged consumer debt, but never provided the requested validation. **See "EXHIBIT G" (notice) attached hereto.**

24.     On or about December 12, 2012, Plaintiff received a letter from Defendant Tate stating they now are the company collecting on the alleged consumer debt. **"EXHIBIT H" (notice) attached hereto.**

25.     Plaintiff is being bombarded by all defendants collecting on this alleged consumer debt.

26. On or about December 24, 2012, Plaintiff wrote a letter to the Defendant, Tate, requesting they provide validation for the alleged consumer debt. **"EXHIBIT I" (notice) attached hereto.**

27. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt, especially that of one belonging to another.

28. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

30. At all times pertinent hereto, the conduct of the Defendants, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

*Plaintiff vs. Collection Agency Defendant's*

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendants were attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
*Plaintiff vs. All Defendants*
**Violations of New York General Business Law §349**

35. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

36. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

37. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of

this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

38. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against the Defendants, and Order the following relief:

   a. Actual damages

   b. Statutory damages

   c. An award of reasonable attorney's fees and expenses and cost of suit; and

   d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT III
*Plaintiff vs. Toyota Financial Services*
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. The above paragraphs are hereby incorporated herein by reference.

40. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

41. New York recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

42. Defendant intentionally intruded upon Plaintiff's right to privacy by continually sending her information out to all five different collection agencies simultaneous which lead to the bombardment of collection activity dissected at the Plaintiff

43. The Defendant's persistent and repeated collection effects against the Plaintiff are considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

44. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

45. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

46. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant.

## IV. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, P.C.**

Date: March 18, 2013          BY:_____
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff